# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Duane Christy, on behalf of himself and those similarly situated,<br><br>Plaintiff<br><br>v.<br><br>Markem Financial Services, Inc., a Nevada corporation,<br><br>Defendant | Case No.: 2:14-cv-872-JAD-CWH<br><br>**Order Denying Motion to Dismiss** |

This Fair Debt Collection Practices Act ("FDCPA") suit arises out of an envelope that plaintiff Duane Christy received from defendant Markem Financial Services.[1] Christy alleges that the envelope, which is allegedly stamped with the words "Markem Financial Services. Inc. Contract Collection Dept.," violates the FDCPA's prohibition against putting words on an envelope indicating that the sender s in the debt-collection business.[2] Markem brings a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim, which Christy opposes.[3] After considering the record and relevant law, I deny the motion because Markem's motion to dismiss was untimely filed.

---

[1] Doc. 1 at 3.

[2] *Id.* at 1, 5.

[3] Docs. 7, 16.

1

**Discussion**

Christy argues that Markem's motion to dismiss is untimely because Markem has already filed its answer.[4] It urges that, under Federal Rule of Civil Procedure 12(b), motions to dismiss "must be made before pleading if a responsive pleading is allowed."[5] Markem offers no reply.

It is true that defendants must file motions to dismiss before they file responsive pleadings.[6] "This circuit allows a motion under Rule 12(b) any time before the responsive pleading is filed."[7] Markem's answer was filed on July 2, 1014; its motion to dismiss was brought nearly one month later on July 30, 2014.[8] The dismissal motion is clearly untimely.

Christy argues that Markem's motion should not be construed as a Rule 12(c) motion for judgment on the pleadings. This is correct because "[t]he motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court."[9] Markem does not argue dismissal as a matter of law, but based on inadequate facts, and to construe the motion as one for judgment on the pleadings would be unwarranted. Indeed, Markem has never asked me to construe its motion as a Rule 12(c) motion, and it has filed no rely brief nor offered any other response to the untimeliness argument.

---

[4] Doc. 16 at 5.

[5] *Id.* (quoting Fed. R. Civ. P. 12(b)).

[6] *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988)) (citing *Bechtel v. Liberty Nat'l Bank*, 534 F.2d 1335, 1340–41 (9th Cir. 1976)).

[7] *Id.*

[8] *See* Docs. 4, 7.

[9] *Reed v. AMCO Ins. Co.*, No. 3:09-cv-328-LRH-RAM, 2012 WL 556265, at *1 (D. Nev. Feb. 21, 2012) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2004) (internal quotation marks omitted).

**Conclusion**

Accordingly, it is hereby ordered that Markem Financial Service, Inc.'s motion to dismiss **[Doc. 7] is DENIED**.

It is furthered ordered that the December 8, 2014, hearing on this motion is **VACATED**.

DATED November 25, 2014.

_____
Jennifer A. Dorsey
United States District Judge

3