UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DUANE CHRISTY, an individual, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MARKEM FINANCIAL SERVICES, INC, a Nevada Corporation,<br><br>Defendant. | Case No.: 2:14-cv-872-JAD<br><br>**Order Denying Markem's Motion for Summary Judgment**<br>**(Doc. 21)** |

Defendant Markem Financial Services moves for summary judgment against plaintiff Duane Christy, who claims that a letter Markem mailed him with the words "Markem Financial Services Inc. Contract Collection Dept" on the envelope violates § 1692(F) of the Fair Debt Collection Practices Act ("Debt Collection Act"). The section prohibits a debt collector from "using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram."[1] Markem argues that it was acting as an escrow agent—not a debt collector—when it sent the letter and is therefore exempt from the Debt Collections Act under 15 U.S.C § 1692(F)(i).

But none of the evidence Markem submits to support this argument or any other of its arguments[2] has been properly authenticated. In *Orr v. Bank of America*, the Ninth Circuit "made it clear that 'unauthenticated documents cannot be considered in a motion for summary judgment.'"[3] The absence of authenticated evidence leaves Markem unable to demonstrate the absence of genuine

---

[1] 15 U.S.C. § 1692(F)(8).

[2] Markem also argues it should be exempt under 15 U.S.C. § 1692(F)(ii) and 15 U.S.C. § 1692(F)(iii). *See* Doc. 21 at 4-5.

[3] *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011) (citing *Orr v. Bank of Am.*, 285 F.3d 764, 733 (9th Cir. 2002)).

issues of material fact—its burden on summary judgment.[4]  I therefore exercise my discretion to deny Markem's motion, having no admissible evidence showing me that Markem is entitled to judgment as a matter of law.  But I will give Markem until August 8, 2015, to resubmit its motion with properly authenticated evidence.[5]  I offer the following guidance to both parties, since Christy, too, failed to properly authenticate the evidence he submitted.[6]

To authenticate documents, a party must offer "evidence sufficient to support a finding that the matter in question is what the [party] claims."[7]  Because the summary judgment procedure is the pretrial functional equivalent of a directed-verdict motion, it requires consideration of the same caliber of evidence that would be admitted at trial;[8] it is insufficient for a litigant to merely attach a document to a summary judgment motion or opposition without affirmatively demonstrating its authenticity.

This demonstration can happen in two ways: (1) through the personal knowledge of a party who attests that the document is what it purports to be; or (2) any other manner permitted by Federal Rules of Evidence 901(b) (which provides ten methods of authentication) or 902 (identifying self-authenticating documents that "require no extrinsic evidence of authenticity in order to be admitted").[9]  Documents authenticated through personal knowledge must be attached to an affidavit

---

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[5] The original cut-off for dispositive motions was January 28, 2015.  *See* Doc. 8 at 2.  I find good cause to extend this deadline for the limited purpose of permitting Markem to refile its summary judgment motion with properly authenticated exhibits.

[6] *See* Docs. 24, 25.

[7] *Las Vegas Sands*, 632 F.3d at 532-33 (quoting Fed. R. Evid. 901(a)).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983)).

[9] Fed. R. Evid. 902 (listing domestic public documents that are sealed and signed or signed and certified; foreign public documents; certified copies of public records; official publications; newspapers and periodicals; trade inscriptions and the like; acknowledged or notarized documents; commercial paper and related documents; presumptions under a federal statute; and certified domestic or foreign records of a regularly conducted activity.)

signed by a person with personal knowledge about the document—such as the drafter or signer of the document, or the custodian of the document kept in the ordinary course of a business, depending on the type of document and its particular relevance—or to properly authenticated deposition testimony in which the same information was elicited.[10]

Neither party followed either of these procedures. Both are advised to if they decide to again move for or oppose summary judgment.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Markem's Motion for Summary Judgment (**Doc. 21**) is **DENIED**. Markem has until August 8, 2015, to refile its motion with properly authenticated evidence.

DATED July 10, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[10] *See Orr*, 285 F.3d at 773-74 ("documents authenticated through personal knowledge must be "attached to an affidavit that meets the requirements of Fed. R. Civ. P. 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."); *see also id*. at 774 (deposition transcripts are authenticated "by attaching the cover page of the deposition and the reporter's certification to every deposition extract submitted. It is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a 'true and correct copy.' Such an affidavit lacks foundation even if the affiant-counsel were present at the deposition.").